CITY OF JACKSONVILLE v. LENTZ, et al.

Nos. 2984, 2985, 2986, 3047, 3051, 3059, 3083, 3084, 3085, 3090, 3103, 3121, 3136, 3163, 3168, 3195.

Circuit Court, Duval County, Criminal Appeal.

December 1, 1958.

Thomas A. Larkin of Larkin & Lewis, Jacksonville, for appellant.

William M. Madison, City Attorney, and Claude L. Mullis, both of Jacksonville, for appellee.

WILLIAM H. MANESS, Circuit Judge.

In each of the above cases, the appellant was convicted in the municipal court of the city of Jacksonville, and thereafter began an appeal to this court by following the provisions of section 932.52, Florida Statutes 1957, to the extent of filing a timely notice of appeal, assignment of errors and the posting of a supersedeas bond with the clerk of this court conditioned to prosecute the appeal with dispatch and to abide by the judgment of the court.

In due course, the clerk of the municipal court transmitted to the clerk of this court the entire original record made in the court below, (except in cases numbered 3051, 3059, 3084, 3085, 3103, 3136, 3163 and 3168, where the certificate shows no copy or transcript of proceedings below was provided) and, pursuant to subsection (12) of section 932.52, *notified the appellant of such filing.*

Although the appellant in some of these cases asserts such notice was not given, the affidavit of the clerk of the municipal court attached to appellee's brief and now attached to the original of this order states otherwise and, in the absence of any other formal proof that notice was not given, is conclusive on the point.

No other action was taken by the appellant, by the filing of a brief or otherwise. After some time had elapsed in each case, ranging from 35 days to more than a year and a half, the city filed a motion to dismiss each appeal principally on the ground that the appellant had failed to perfect and prosecute the appeal within the time required by law.

This motion was presented to this court by counsel for the city, the appellee, in each case *without notice* to the appellant, and each appeal was forthwith dismissed.

No order of dismissal or copy thereof was ever sent to the appellant or to the surety.

On January 14, 1958, at least 12 weeks after the dismissal of each appeal, upon certificate of the clerk of the municipal court that the judgment and sentence of that court had not been complied with by appellant, this court ordered the supersedeas bond in each case forfeited pursuant to provisions of section 932.521 (2).

Now, the appellant and/or the surety in each case has moved this court to quash its order of forfeiture in each case upon several grounds. Among the grounds asserted is that section 932.521 is unconstitutional—but the validity of that act was upheld by this

court by its memorandum opinion dated November 24, 1958, and filed in City of Jacksonville v. Smith, appeal case no. 2866 [13 Fla. Supp. 188]. The application of that act to the facts in the case at bar is substantially the same and that opinion disposes of the constitutional question.

The main question raised in this case that was not involved in the Smith case, supra, is the appellant's contention that the failure to furnish him with a copy of the motion to dismiss, failure to give notice of the hearing thereon, and the failure to furnish a copy of the order of dismissal, deprived him of his property without the due process of law guaranteed by the federal and state constitutions.

Before the surety can assert a denial of due process of law, it must be established that the appellant's rights were violated. Although the surety is a "quasi-party" to the proceeding in which it has posted a bond, due process of law as to the rights of the surety is achieved if it has notice and an opportunity to be heard before its rights are finally cut off. Such due process is provided the surety under section 932.521 (2) where the law provides ten days after the entry of the forfeiture within which the appellant, surety or sureties, may explain the breach of the undertaking and secure a discharge of the forfeiture. That right is now being asserted and this is the surety's "day in court". No attempt has been made to explain the breach of the undertaking—so the surety's rights depend solely on the rights of the appellant.

A determination of the appellant's rights requires a consideration of his duties upon the filing of the notice of appeal.

Reference to chapter 932.52 reveals that appeals under this section *shall be perfected* by filing a simple notice of appeal which shall include or be accompanied by assignments of error in brief form, subsection (3). This was done in each case now under consideration.

Appellant's next duty was to obtain and deliver to the clerk of the municipal court a transcript or certified statement of the testimony and trial proceedings for inclusion in the original record for transmittal by that clerk to this court as required by subsection (10). This procedure was followed, except in cases numbered 3051, 3059, 3084, 3085, 3101, 3136, 3163 and 3168, where no transcript or certified statement of the testimony was ever furnished or included in the record-on-appeal.

Now, unless subsection (5) *requires* the filing of a brief by appellant, in at least eight of the cases under consideration, appellant had complied with the duties required to perfect an appeal and the next move was up to this court under subsections (13) and (14).

A review of section 932.52, in its entirety, reveals that most of the usual provisions relating to appeals generally and the time and method of proceeding are specifically treated. In addition, subsection (15) provides—"The rules of the supreme court shall be applicable to appeals under this section except in so far as they may be in conflict herewith."

The Florida Supreme Court Rules *in effect and controlling at the time this appeal was taken* provided, in part—

"Rule 35. APPEALS IN CRIMINAL CASES

1. *How Prosecuted*. Appeals in criminal cases shall be prosecuted in accordance with the provisions of chapter 924, Florida Statutes; and, except as herein stated, with such provisions of these rules as are not inconsistent with the provision of said chapter.

2. *Exceptions*. * * *

(c) BRIEFS, TIME FOR FILING. Within 30 days after filing the transcript of record, the appellant shall file the original and one copy of his brief with the clerk of this court and serve one copy on appellee."

Unless subsection (15), quoted above, was intended to provide for and make mandatory the rules of the Supreme Court, which require a brief in criminal appeals, it would have no meaning. All other matters usual and necessary in appellate proceedings are covered by the act, except form, content and time for filing of a brief and motions. This court must ascribe that meaning to subsection (15) in order to give any effect to the plain language of that subsection.

Appellant having failed in each case to file a brief within thirty days as required by the quoted portion of the rules of the Supreme Court, it follows that each appeal was subject to dismissal.

Also incorporated into section 932.52 by subsection (15) is rule 39 of the rules of the Supreme Court, which clearly requires that *appellee furnish appellant with a copy of its motion to dismiss the appeal in this case.*

Appellee contends that this court has authority to dismiss an appeal under the provisions of section 924.20 for appellant's failure to prosecute the appeal with dispatch, without notice, but it is the view of this court that under either the rule or statute the better practice and due process of law require that the appellant be given notice and be furnished with a copy of the motion and order thereon—which was not done here.

Such omission in this case might be considered harmless error because a review of the entire record reveals that no different result would or could have been reached because prosecution of the appeal was not completed by the filing of a brief within the time required —but the appellee's failure to give appellant notice of the order of dismissal deprived him of an opportunity to comply with the judgment and sentence of the lower court within five days after the issuance of the mandate dismissing this appeal and thereby avoid the forfeiture of the supersedeas bond on which appellant is liable as principal.

Even though the appellant has the burden of prosecuting the appeal with dispatch and is charged with knowledge of the status of the appeal at all times, it would be unjust to expect or require him to comply with the judgment and sentence of the lower court within five days after a dismissal of which he had no actual notice.

The opportunity to comply with the judgment and sentence of the municipal court, as provided in section 932.521, after dismissal of the appeal herein, is a property right which appellant was denied without due process of law.

The question raised as to the duty of this court to sound the docket pursuant to subsection (14) need not be decided because each appeal herein did not progress to the point where it was ready for consideration by this court.

It is accordingly ordered and adjudged as follows—

1. That appellee shall serve, by regular mail or otherwise, a copy of this order on counsel of record for each appellant herein and counsel for the surety on each bond, and upon every attorney who has appeared herein at any stage of these appeal proceedings.

2. That unless appellant complies or begins compliance with the judgment and sentence of the municipal court within ten days from the date of mailing or other service of copies of this order as aforesaid and files proof thereof herein, the motions to quash the order of forfeiture herein will be denied and judgment entered thereon *without further notice.*

3. That in the event appellant does comply or begin compliance with the judgment and sentence of the municipal court, and files proof of that fact herein, within the time hereinabove prescribed, the motion to quash herein will be granted and the order of forfeiture vacated and set aside.

4. That the original of this order shall be filed by the clerk of this court in appeal case no. 2984 and noted on the docket sheet of each case enumerated in the style of this cause.